Court of Common Pleas of Philadelphia County
Trial Division

# Civil Cover Sheet

For Prothonotary Use Only (Docket Number)

## AUGUST 2023

E-Filing Number: 2308031085

## 01523

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| MICHAEL J.. REICHLEY | JETSON ELECTRIC BIKES LLC |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| 408 CARMICHAEL DRIVE<br>NORTH WALES PA 19454 | 86 34TH STREET, 4TH FLOOR<br>BROOKLYN NY 11232 |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| DEBRA G.. REICHLEY | TARGET CORPORATION |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| 408 CARMICHAEL DRIVE<br>NORTH WALES PA 19454 | 1000 NICOLLET MALL<br>MINNEAPOLIS MN 55403 |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| | |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| | |

| TOTAL NUMBER OF PLAINTIFFS | TOTAL NUMBER OF DEFENDANTS | COMMENCEMENT OF ACTION |
|---|---|---|
| 2 | 2 | [X] Complaint    [ ] Petition Action    [ ] Notice of Appeal<br>[ ] Writ of Summons    [ ] Transfer From Other Jurisdictions |

| AMOUNT IN CONTROVERSY | COURT PROGRAMS | | | |
|---|---|---|---|---|
| [ ] $50,000.00 or less<br>[X] More than $50,000.00 | [ ] Arbitration<br>[X] Jury<br>[ ] Non-Jury<br>[ ] Other: | [ ] Mass Tort<br>[ ] Savings Action<br>[ ] Petition | [ ] Commerce<br>[ ] Minor Court Appeal<br>[ ] Statutory Appeals | [ ] Settlement<br>[ ] Minors<br>[ ] W/D/Survival |

CASE TYPE AND CODE

1G - SUBROGATION ACTION

STATUTORY BASIS FOR CAUSE OF ACTION

| RELATED PENDING CASES (LIST BY CASE CAPTION AND DOCKET NUMBER) | FILED<br>PRO PROTHY<br>AUG 15 2023<br>G. IMPERATO | IS CASE SUBJECT TO<br>COORDINATION ORDER?<br>YES    NO |
|---|---|---|

TO THE PROTHONOTARY:

Kindly enter my appearance on behalf of Plaintiff/Petitioner/Appellant: MICHAEL J. REICHLEY , DEBRA G. REICHLEY

Papers may be served at the address set forth below.

| NAME OF PLAINTIFF'S/PETITIONER'S/APPELLANT'S ATTORNEY | ADDRESS |
|---|---|
| PATRICK A. HUGHES | 301 E. GERMANTOWN PIKE, 3RD FL<br>EAST NORRITON PA 19401 |

| PHONE NUMBER | FAX NUMBER | |
|---|---|---|
| (215)383-0081 | (215)383-0082 | |

| SUPREME COURT IDENTIFICATION NO. | E-MAIL ADDRESS |
|---|---|
| 91415 | phughes@delucalevine.com |

| SIGNATURE OF FILING ATTORNEY OR PARTY | DATE SUBMITTED |
|---|---|
| PATRICK HUGHES | Tuesday, August 15, 2023, 11:35 am |

FINAL COPY (Approved by the Prothonotary Clerk)

IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY
FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
CIVIL TRIAL DIVISION

Filed and Attested by the
Office of Judicial Records
15 AUG 2023 11:35 am
G. IMPERATO

| | |
|---|---|
| MICHAEL J. REICHLEY and DEBRA G. REICHLEY<br><br>408 CARMICHAEL DRIVE<br>NORTH WALES, PA 19454-2667<br><br>Plaintiffs<br>v.<br><br>JETSON ELECTRIC BIKES LLC<br><br>86 34ᵀᴴ STREET, FOURTH FLOOR<br>BROOKLYN, NY 11232<br><br>and<br><br>TARGET CORPORATION<br><br>1000 NICOLLET MALL<br>MINNEAPOLIS, MN 55403<br><br>Defendants | AUGUST TERM 2023<br><br>CASE NO.<br><br><br><br>JURY TRIAL DEMANDED |

## NOTICE TO DEFEND

You have been sued in Court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this Complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the Court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so, the case may proceed without you and a judgment may be entered against you by the Court without further notice for any money claimed in the Complaint or for any other claim or relief requested by the Plaintiff. You may lose money or property or other rights important to you. YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

## AVISO

Le han demandado a usted en la corte. Si used quiere defenderse de estas demandas expuestas en las paginas siquientes, used tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notificacion. Hace falta asentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objectiones a las demandas en

Case ID: 230801523

contra de su persona.  Sea avisado qui si usted no se defiende, la corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion.  Ademas, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda.  Usted puede perder.

LLEVE ESTA DEMANDA A UN ABOGADO IMMEDIATAMENTS.  SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICIO.  VAYA EN PERSONA O LLAMEPOR TELEFONO A LA OFICINA CUYA DIRECCION SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PURDE CONSEQUIR.

**Philadelphia Bar Association**
**Lawyer Referral and Information Service**
**One Reading Center**
**Philadelphia, Pennsylvania 19107**
**(215) 238-6333; TTY (215) 451-6197**

Case ID: 230801523

IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY
FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
CIVIL TRIAL DIVISION

| | |
|---|---|
| MICHAEL J. REICHLEY and DEBRA G. REICHLEY <br><br> 408 CARMICHAEL DRIVE <br> NORTH WALES, PA 19454-2667 <br><br> **Plaintiffs** <br> v. <br><br> JETSON ELECTRIC BIKES LLC <br><br> 86 34TH STREET, FOURTH FLOOR <br> BROOKLYN, NY  11232 <br><br> and <br><br> TARGET CORPORATION <br><br> 1000 NICOLLET MALL <br> MINNEAPOLIS, MN  55403 <br><br> **Defendants** | AUGUST TERM 2023 <br><br> CASE NO. <br><br><br><br><br> JURY TRIAL DEMANDED |

## COMPLAINT

Nominal Plaintiffs, Michael J. Reichley and Debra G. Reichley (hereinafter collectively referred to as "Plaintiffs" or "the Reichleys"), by and through their undersigned counsel, DE LUCA LEVINE LLC, hereby demand judgment against Defendants, and in support thereof complain against them as follows:

## PARTIES

1.      Plaintiffs are adult individuals, who at all times relevant hereto, owned and resided at 408 Carmichael Drive, North Wales, Pennsylvania 19454-2667 (hereinafter referred to as "the subject property").

Case ID: 230801523

2.      Defendant Jetson Electric Bikes, LLC ("Jetson") is, upon belief and information and at all times relevant hereto, a New York domestic limited liability company with its principal place of business at the above-captioned address and was authorized to do business within the Commonwealth of Pennsylvania.    Upon information and belief, Jetson regularly conducts business in Pennsylvania and in Philadelphia County.

3.      Jetson is in the business of, *inter alia*, designing, manufacturing, assembling, testing, inspecting, marketing, branding, distributing, selling and placing into the stream of commerce Self-Balancing Scooters / Hoverboards such as the Strike branded Self-Balancing Scooter / Hoverboard at issue in this case, which was sold by Jetson prior to the fire more fully described below.

4.      Defendant Target Corporation ("Target") is, upon belief and information and at all times relevant hereto, a Minnesota corporation with its principal place of business at the above-captioned address and was authorized to do business within the Commonwealth of Pennsylvania. Upon information and belief, Target regularly conducts business in Pennsylvania and in Philadelphia County.

5.      Target is in the business of, *inter alia*, marketing, distributing, selling and placing into the stream of commerce products, including Self-Balancing Scooters / Hoverboards such as the Strike branded Self-Balancing Scooter / Hoverboard at issue in this case.

## FACTS

6.      Plaintiffs incorporate by reference the preceding averments as though set forth at length herein.

7.      Plaintiffs and / or a family member of Plaintiffs purchased two Jetson Strike Self-Balancing Scooters / Hoverboards from Target in February 2020 and March 2020.

Case ID: 230801523

8.    Jetson designed, manufactured, assembled, tested, inspected, marketed, branded, distributed, sold and placed into the stream of commerce Self-Balancing Scooters / Hoverboards – including the subject Self-Balancing Scooters / Hoverboard and its component parts at issue in this case – being intended for use by consumers for the ordinary purpose associated with Self-Balancing Scooters / Hoverboards.

9.    Target sold, distributed, marketed, delivered and placed into the stream of commerce products, including the subject Self-Balancing Scooter / Hoverboard at issue in this case.

10.    At all times material hereto, Plaintiffs, used the subject Self-Balancing Scooter / Hoverboard in an ordinary, reasonable and foreseeable manner.

11.    At all times material hereto, the subject Self-Balancing Scooter / Hoverboard, which was designed, manufactured, assembled, tested, inspected, marketed, distributed, sold and placed into the stream of commerce by Defendants was not modified, changed altered or abused by Plaintiffs or other users at their property prior to or during its use.

12.    At all times material hereto, Plaintiffs kept the subject Self-Balancing Scooter / Hoverboard in their home when not in use.

13.    On September 15, 2021, the subject Self-Balancing Scooter / Hoverboard was being stored in the living room closet of Plaintiffs home when it suddenly and unexpectedly ignited, which quickly spread to nearby combustible materials, causing the home to be engulfed with flames and smoke.

14.    Plaintiffs' home located at 408 Charmichael Drive, North Wales, Pennsylvania and their personal belongings therein sustained significant damage.

15.     At all times material hereto, the Defendants knew and intended that the subject Self-Balancing Scooter / Hoverboard would be used by members of the general public, and knew of the specific uses, purposes and requirements for which said product would be utilized.

16.     Defendants designed, manufactured, assembled, tested, inspected, marketed, distributed, sold and placed into the stream of commerce the subject Self-Balancing Scooter / Hoverboard, including its component parts, in a dangerous defective condition, which catastrophically failed due to a defect and/or malfunction.

17.     The sudden and catastrophic fire resulted from a defect and/or malfunction of the subject Self-Balancing Scooter / Hoverboard caused by design, manufacturing and/or warning defects that existed since the appliance left Defendants' control.

18.     As a direct and proximate result of the defects and/or malfunction of the subject Self-Balancing Scooter / Hoverboard, Plaintiffs sustained and incurred damage to their real and personal property, and caused other consequential and incidental damages including clean-up costs, repair, temporary housing and other associated expenses.  Further, the fire damage forced Plaintiffs to vacate their property for an extended period of time while their home was restored to its pre-fire condition.

19.     As a result of the fire described above, Plaintiffs sustained damage to their real property, personal property and caused other consequential and incidental damages including clean-up costs, repair, temporary living expenses and other associated expenses while their home was being restored to its pre-fire condition.

**COUNT I – STRICT LIABILITY**
**Plaintiffs v. Defendants**

20.     Plaintiffs incorporate by reference the preceding averments as though set forth at

length herein.

21.     At all times material hereto, Defendants designed, manufactured, assembled, tested, inspected, marketed, branded, distributed, sold and placed into the stream of commerce Self-Balancing Scooters / Hoverboards incorporated with rechargeable lithium ion batteries, chargers and other component parts, and specifically designed, tested, inspected, assembled, manufactured, marketed, branded, distributed and placed into the stream of commerce the subject Self-Balancing Scooter / Hoverboard at issue in this case.

22.     The subject Self-Balancing Scooter / Hoverboard was used in a foreseeable, normal, ordinary and intended manner by Plaintiffs or other users at their property at all times material hereto.

23.     The subject Self-Balancing Scooter / Hoverboard was not modified, changed, altered or abused by Plaintiffs or other users at said property prior to the fire.

24.     The subject Self-Balancing Scooter / Hoverboard was in the same, or substantially similar condition, as when the product left the possession of Defendants.

25.     The subject Self-Balancing Scooter / Hoverboard was not altered in any manner that caused or contributed to the fire after the product originally left the possession of Defendants.

26.     Defendants knew, or should have known, that the subject Self-Balancing Scooter / Hoverboard would, and did, reach users without substantial change in the condition in which originally selected and sold.

27.     Defendants knew and intended that its Self-Balancing Scooters / Hoverboards would be used by members of the general public, and knew of the specific uses, purposes and requirements for which said Self-Balancing Scooters / Hoverboards would be utilized.

28.     Defendants designed, manufactured, assembled, tested, inspected, marketed,

Case ID: 230801523

branded, distributed, sold and placed into the stream of commerce the subject Self-Balancing Scooter / Hoverboard in a dangerous defective condition, which catastrophically failed due to a defect and/or malfunction.

29.    Defendants designed, manufactured, assembled, tested, inspected, marketed, branded, distributed, sold and placed into the stream of commerce the subject Self-Balancing Scooter / Hoverboard in a defective condition, unreasonably dangerous to Plaintiffs and their property.

30.    At all times material hereto, Defendants knew or should have known of the foreseeable risk of fire related injuries inherent in the design of its Self-Balancing Scooters / Hoverboards.

31.    The subject Self-Balancing Scooter / Hoverboard did not perform as safely as an ordinary consumer would have expected it to perform when used in a reasonably foreseeable way.

32.    Further, a reasonable person would conclude that the possibility and seriousness of harm outweighs the burden or cost of making the subject Self-Balancing Scooter / Hoverboard safe.

33.    The subject Self-Balancing Scooter / Hoverboard was defective, subjecting Defendants to strict liability, in one or more of the following respects:

    a.    failing to design, manufacture, inspect, assemble, distribute, test and/or market a properly functioning and defect-free Self-Balancing Scooter / Hoverboard, which after reasonable and foreseeable use malfunctioned and/or catastrophically failed;

    b.    failing to properly design, manufacture, inspect, assemble, distribute, test and/or market the subject Self-Balancing Scooter / Hoverboard free from defect;

    c.    failing to properly determine that the subject Self-Balancing Scooter / Hoverboard was not in a safe condition and free of all material defects, which after reasonable and foreseeable use catastrophically failed and/or malfunctioned;

Case ID: 230801523

d. designing, manufacturing, assembling, testing, inspecting, marketing, branding, distributing, selling and placing into the stream of commerce the subject Self-Balancing Scooter / Hoverboard when it knew or should have known that it was unsafe and unfit for its intended use;

e. designing, manufacturing, assembling, testing, inspecting, marketing, branding, distributing, selling and placing into the stream of commerce the subject Self-Balancing Scooter / Hoverboard when it knew or should have known that it would be inadequate for the reasons for which it was purchased;

f. designing, manufacturing, assembling, testing, inspecting, marketing, branding, distributing, selling and placing into the stream of commerce the subject Self-Balancing Scooter / Hoverboard which was unreasonably dangerous, causing it to catastrophically fail and/or malfunction;

g. designing, manufacturing, assembling, testing, inspecting, marketing, branding, distributing, selling and placing into the stream of commerce a product which lacked all necessary safety features to protect users of said product;

h. designing, manufacturing, assembling, testing, inspecting, marketing, branding, distributing, selling and placing into the stream of commerce an unreasonably dangerous and defective Self-Balancing Scooter / Hoverboard that Defendants knew or reasonably should have known exposed users to an unreasonable risk of harm;

i. failing to properly and adequately design, manufacture, assemble, test, inspect, market, brand, distribute and sell the subject Self-Balancing Scooter / Hoverboard prior to introducing it into the stream of commerce;

j. failing to provide adequate and sufficient warnings and instructions with respect to the subject Self-Balancing Scooter / Hoverboard, which rendered it defective and unreasonably dangerous;

k. designing, manufacturing, assembling, testing, inspecting, marketing, branding, distributing, selling and placing into the stream of commerce the subject Self-Balancing Scooter / Hoverboard in a defective condition because it catastrophically failed and/or malfunctioned rendering it hazardous and dangerous for its contemplated and intended use;

l. designing, manufacturing, assembling, testing, inspecting, marketing, branding, distributing, selling and placing into the stream of commerce the subject Self-Balancing Scooter / Hoverboard in a defective condition because its component parts, including, but not limited to, its lithium ion battery, battery management system, battery cells, capacitors, circuit board, electrical wiring and/or connections failed or malfunctioned in a catastrophic fire condition;

Case ID: 230801523

m.     the subject Self-Balancing Scooter / Hoverboard is an unreasonably dangerous product, one that is dangerous to an extent beyond that which would be contemplated by the ordinary consumer who purchases it, with the ordinary knowledge common to the community of its characteristics;

n.     the subject Self-Balancing Scooter / Hoverboard is unreasonably dangerous because the probability of injury times the gravity of injury under the current product design is more than the cost of an alternative reasonable design plus the diminished utility resulting from modifying the design;

o.     common experience teaches that the fire would not have occurred in the subject Self-Balancing Scooter / Hoverboard in the absence of a defect;

p.     the foreseeable risks associated with the design of the subject Self-Balancing Scooter / Hoverboard exceed all benefits;

q     the subject Self-Balancing Scooter / Hoverboard was designed, manufactured and sold such that it could ignite under normal and foreseeable operation causing heat and fire to property and person;

r.     the subject Self-Balancing Scooter / Hoverboard was designed, manufactured and sold such that its lithium ion battery and/or battery management system was subject to degradation through self-discharge;

s.     the subject Self-Balancing Scooter / Hoverboard was designed, manufactured and sold such that its lithium ion battery and/or battery management system was subject to short circuits;

t.     the subject Self-Balancing Scooter / Hoverboard was designed, manufactured and sold such that its lithium ion battery was subject to electrical short or circuit failure at the location of electrical activity;

u.     the subject Self-Balancing Scooter / Hoverboard was designed, manufactured and sold such that its lithium ion battery was subject to thermal runaway;

v.     the subject Hoverboard was designed, manufactured and sold such that it could not recognize the weak battery and trigger a shutdown of the Self-Balancing Scooter / Hoverboard before thermal runaway could occur;

w.     failing to adequately inform and warn purchasers and ultimate users of the Self-Balancing Scooter's / Hoverboard's high propensity for instability to produce heat, ignite, explode and/or cause fires;

x.     designing, manufacturing, assembling, testing, inspecting, marketing, branding, distributing, selling and placing into the stream of commerce the subject Self-Balancing Scooter / Hoverboard with dangerous design defects in its lithium ion

battery, battery management system, battery cells, capacitors, circuit board, electrical wiring and/or connections and/or other components of the Self-Balancing Scooter / Hoverboard; and

y.      malfunction of the lithium ion battery, battery management system, battery cells, capacitors, circuit board, electrical wiring and/or connections and/or other components of the Self-Balancing Scooter / Hoverboard.

34.     The aforementioned defective conditions or material and/or latent defects existed at the time the subject Self-Balancing Scooter / Hoverboard left the possession and/or control of Defendants.

35.     Defendants are strictly liable to Plaintiffs for designing, manufacturing and failing to warn of the dangers of a defective and unreasonably dangerous Self-Balancing Scooter / Hoverboard. The inherent risks associated with the subject Self-Balancing Scooter / Hoverboard outweighed the benefits of its use, as a safer alternative design was economically and technologically feasible at the time the product left the control of Defendants.

36.     For these reasons, Defendants are strictly liable to Plaintiff.

37.     Alternatively, the subject Self-Balancing Scooter / Hoverboard "malfunctioned" as that term is used in *Ducko v. Chrysler Motors Co.*, 639 A.2d 1204 (Pa. Super 1994) (*citing Rogers v. Johnson & Johnson Products, Inc.*, 565 A.2d 751, 754 (Pa. 1989)).

38.     As a direct and proximate result of the aforementioned defects and/or defective condition, Plaintiffs sustained and incurred damage to their real and personal property, and caused other consequential and incidental damages including clean-up costs, repair, and other associated expenses. Further, the fire damage forced Plaintiffs to vacate their property for an extended period of time while their home was restored to its pre-fire condition.

**WHEREFORE**, Plaintiffs demand judgment in their favor and against Defendants, Jetson Electric Bikes LLC and Target Corporation, jointly and severally, for compensatory damages in a

sum in excess of one hundred and fifty thousand dollars ($150,000.00), exclusive of pre-judgment interest, post-judgment interest and costs and for such other relief as this Honorable Court shall deem appropriate under the circumstances.

## COUNT II – NEGLIGENCE
### Plaintiffs v. Defendants

39.     Plaintiffs incorporate by reference the preceding averments as though set forth at length herein.

40.     At all times material hereto, Defendants owed a duty to consumers, like Plaintiffs, to use reasonable care in the way it designed, manufactured, assembled, tested, marketed, branded, distributed and sold Self-Balancing Scooters / Hoverboards, including the subject Self-Balancing Scooter / Hoverboard.

41.     At all times material hereto, Defendants knew or should have known of the foreseeable risk of fire injuries inherent in its Self-Balancing Scooters / Hoverboards, including the subject Self-Balancing Scooter / Hoverboard.

42.     Defendants breached the duty of care it assumed to consumers and were negligent and careless in designing, manufacturing, assembling, testing, inspecting, marketing, branding, distributing, selling and placing into the stream of commerce the subject Self-Balancing Scooter / Hoverboard in one or more of the following respects:

    a.      carelessly and negligently failing to design, manufacture, test, inspect, assemble, market, sell, distribute and/or place into the stream of commerce a properly functioning and defect-free Self-Balancing Scooter / Hoverboard, which after reasonable and foreseeable use malfunctioned and/or catastrophically failed;

    b.      carelessly and negligently failing to properly design, manufacture, test, inspect, assemble, market, sell, distribute and place into the stream of commerce the subject Self-Balancing Scooter / Hoverboard free from defects, capable of functioning in a sale and appropriate manner;

    c.      carelessly and negligently failing to properly determine that the Self-Balancing

Scooter / Hoverboard was not in a safe condition, and free of all material defects, capable of functioning in a safe and appropriate manner;

d.    carelessly and negligently designing, manufacturing, testing, inspecting, assembling, marketing, selling, distributing and/or placing into the stream of commerce the subject Self-Balancing Scooter / Hoverboard when Defendants knew, or should have known, that the product was unsafe and unfit for its intended use;

e.    carelessly and negligently designing, manufacturing, testing, inspecting, assembling, marketing, selling, distributing and/or placing into the stream of commerce the subject Self-Balancing Scooter / Hoverboard when Defendants knew, or should have known, that the product would be inadequate for the reasons for which it was purchased;

f.    carelessly and negligently designing, manufacturing, testing, inspecting, assembling, marketing, selling, distributing and/or placing into the stream of commerce the subject Self-Balancing Scooter / Hoverboard that had unreasonably dangerous components that caused the product to catastrophically fail and/or malfunction;

g.    carelessly and negligently designing, manufacturing, testing, inspecting, assembling, marketing, selling, distributing and/or placing into the stream of commerce a dangerous and defective Self-Balancing Scooter / Hoverboard that Defendants knew, or reasonably should have known, exposed users to an unreasonable risk of harm;

h.    carelessly and negligently failing to properly and adequately design, manufacture, test, inspect, assemble, market, sell, distribute the subject Self-Balancing Scooter / Hoverboard prior to introducing the product into the stream of commerce;

i.    carelessly and negligently failing to provide adequate and sufficient warnings and instructions with respect to the product, which rendered it defective and unreasonably dangerous;

j.    carelessly and negligently designing, manufacturing, assembling, testing, inspecting, marketing, branding, distributing, selling and placing into the stream of commerce an unreasonably dangerous and defective Self-Balancing Scooter / Hoverboard that Defendants knew or reasonably should have known exposed users to an unreasonable risk of harm;

k.    carelessly and negligently failing to properly and adequately design, manufacture, assemble, test, inspect, market, brand, distribute and sell the subject Self-Balancing Scooter / Hoverboard prior to introducing it into the stream of commerce;

Case ID: 230801523

l.      carelessly and negligently failing to provide adequate and sufficient warnings and instructions with respect to the subject Self-Balancing Scooter / Hoverboard;

m.     carelessly and negligently designing, manufacturing, assembling, testing, inspecting, marketing, branding, distributing, selling and placing into the stream of commerce the subject Self-Balancing Scooter / Hoverboard because it failed rendering it hazardous and dangerous for its contemplated and intended use;

n.      carelessly and negligently designing, manufacturing, assembling, testing, inspecting, marketing, branding, distributing, selling and placing into the stream of commerce the subject Self-Balancing Scooter / Hoverboard because it failed or malfunctioned in a catastrophic fire condition;

o.      carelessly and negligently designing, manufacturing, assembling, testing, inspecting, marketing, branding, distributing, selling and placing into the stream of commerce the subject Self-Balancing Scooter / Hoverboard because it could ignite under normal and foreseeable operation causing heat and fire to property and person;

p.      carelessly and negligently designing, manufacturing, assembling, testing, inspecting, marketing, branding, distributing, selling and placing into the stream of commerce the subject Self-Balancing Scooter / Hoverboard in a manner that its lithium ion battery was subject to degradation through self-discharge;

q.      carelessly and negligently designing, manufacturing, assembling, testing, inspecting, marketing, branding, distributing, selling and placing into the stream of commerce the subject Self-Balancing Scooter / Hoverboard in a manner that its lithium ion battery was subject to short circuits;

r.      carelessly and negligently designing, manufacturing, assembling, testing, inspecting, marketing, branding, distributing, selling and placing into the stream of commerce the subject Self-Balancing Scooter / Hoverboard in a manner that its lithium ion battery and/or battery management system was subject to electrical short or circuit failure;

s.      carelessly and negligently designing, manufacturing, assembling, testing, inspecting, marketing, branding, distributing, selling and placing into the stream of commerce the subject Self-Balancing Scooter / Hoverboard in a manner that its lithium ion battery and/or battery management system was subject to thermal runaway;

t.      carelessly and negligently designing, manufacturing, assembling, testing, inspecting, marketing, branding, distributing, selling and placing into the stream of commerce the subject Self-Balancing Scooter / Hoverboard in a manner that it could not recognize the weak battery and trigger a shutdown of the Self-Balancing Scooter / Hoverboard before thermal runaway could occur;

u.   carelessly and negligently failing to adequately inform and warn purchasers and ultimate users of the Self-Balancing Scooter's / Hoverboard's high propensity for instability to produce heat, ignite, explode and/or cause fires;

v.   carelessly and negligently designing, manufacturing, assembling, testing, inspecting, marketing, branding, distributing, selling and placing into the stream of commerce a product which lacked all necessary safety features to protect users of said product;

w.   carelessly and negligently failing to issue any post-sale modifications or additional warnings in an effort to eliminate the unreasonably dangerous nature of the Self-Balancing Scooter / Hoverboard; and

x.   carelessly and negligently designing, manufacturing, assembling, testing, inspecting, marketing, branding, distributing, selling and placing into the stream of commerce the subject Self-Balancing Scooter / Hoverboard with dangerous and hazardous defects in its lithium ion battery, battery management system, battery cells, capacitors, circuit board, electrical wiring and/or connections and/or other components of the Self-Balancing Scooter / Hoverboard.

43.   Defendants' negligence and carelessness in designing, manufacturing, assembling, testing, inspecting, marketing, branding, distributing, selling and placing into the stream of commerce the subject Self-Balancing Scooter / Hoverboard were the direct and proximate cause of the damages to Plaintiffs' real and personal property.

44.   As a direct and proximate result of the aforementioned negligent and careless conduct of Defendants, Plaintiffs sustained and incurred damage to their real and personal property, and caused other consequential and incidental damages including clean-up costs, repair, and other associated expenses. Further, as a result of the fire, Plaintiffs had to vacate the property for a period of time in order for the property to be restored to its pre-fire condition.

WHEREFORE, Plaintiffs demand judgment in their favor and against Defendants, Jetson Electric Bikes LLC and Target Corporation, jointly and severally, for compensatory damages in a sum in excess of one hundred and fifty thousand dollars ($150,000.00), exclusive of pre-judgment interest, post-judgment interest and costs and for such other relief as this Honorable Court shall

Case ID: 230801523

deem appropriate under the circumstances.

### COUNT III – BREACH OF EXPRESS WARRANTIES
**Plaintiffs v. Defendants**

45.    Plaintiffs incorporate by reference the preceding averments as though set forth at length herein.

46.    Defendants expressly warranted that the subject Self-Balancing Scooter / Hoverboard was safe and effective to members of the consuming public, including Plaintiffs.

47.    More specifically, Defendants expressly warranted that the subject Self-Balancing Scooter / Hoverboard was compliant with the applicable product safety standards.

48.    Defendants breached any and all express warranties made or relating to the subject Self-Balancing Scooter / Hoverboard that became part of the basis of the bargain for sale of the Self-Balancing Scooter / Hoverboard as described in 13 Pa. C.S.A. § 2-313. (Defendants have better access to said warranties and, therefore, is not prejudiced by them not being attached hereto).

49.    The subject Self-Balancing Scooter / Hoverboard does not conform to these express representations because it was prone to produce heat, ignite and/or explode causing fire.

50.    Therefore, Defendants breached their express warranties to the consuming public, including, but not limited to, Plaintiffs.

**WHEREFORE,** Plaintiffs demand judgment in their favor and against Defendants, Jetson Electric Bikes LLC and Target Corporation, jointly and severally, for compensatory damages, in a sum in excess of one hundred and fifty thousand dollars ($150,000.00), exclusive of pre-judgment interest, post-judgment interest and costs and for such other relief as this Honorable Court shall deem appropriate under the circumstances.

Case ID: 230801523

## COUNT IV – BREACH OF IMPLIED WARRANTIES OF FITNESS FOR A PARTICULAR PURPOSE AND MERCHANTABILITY
### Plaintiffs v. Defendants

51.     Plaintiffs incorporate by reference the preceding averments as though set forth at length herein.

52.     Defendants designed, manufactured, assembled, tested, marketed, branded, distributed, sold and placed into the stream of commerce the subject Self-Balancing Scooter / Hoverboard with an implied warranty that it was fit for the particular purpose of operating safely, knowing that consumers would rely on their skill and/or judgment to furnish suitable goods.

53.     At the time of the sale and/or distribution of the subject Self-Balancing Scooter / Hoverboard, Defendants had reason to know the particular purpose to which the subject Self-Balancing Scooter / Hoverboard would be used and they were being relied upon to furnish a suitable product.  Thus, Defendants breached the implied warranty of fitness for a particular purpose as set out in the Uniform Commercial Code (hereinafter "UCC") at 13 Pa. C.S.A. § 2-315 in that the subject product was not fit for the particular purpose for which such products are required as it was prone to failure and ignition under normal operation.

54.     Members of the consuming public, including consumers such as Plaintiffs, were the intended third-party beneficiaries of the warranty.

55.     The subject Self-Balancing Scooter / Hoverboard was not fit for the particular purpose as a safe means for normal, ordinary and foreseeable use, due to the unreasonable risks of dangers associated with its use.

56.     Plaintiffs in this case reasonably and justifiably relied on Defendants' representations that the subject Self-Balancing Scooter / Hoverboard was safe to put to normal, ordinary and foreseeable use.

Case ID: 230801523

57.     Defendants breached the implied warranty of fitness for a particular purpose, which was the direct and proximate cause of Plaintiffs damages.

58.     In addition, Defendants breached their implied warranty of merchantability as set out in 13 Pa. C.S.A. § 2-314 (c) in that the subject product was not fit for the ordinary uses for which the subject Self-Balancing Scooter / Hoverboard was used.

59.     Plaintiff's damages as set forth above occurred as a direct and proximate result of the breach by Defendants of their implied warranties of fitness for a particular purpose and merchantability as set out in 13 Pa. C.S.A.  § 2-315 and § 2-314 (c).

60.     Plaintiffs have met any and all conditions precedent to recovery for such breaches.

**WHEREFORE,** Plaintiffs demand judgment in their favor and against Defendants, Jetson Electric Bikes LLC and Target Corporation, jointly and severally, for compensatory damages in a sum in excess of one hundred and fifty thousand dollars ($150,000.00), exclusive of pre-judgment interest, post-judgment interest and costs and for such other relief as this Honorable Court shall deem appropriate under the circumstances.

                              **de LUCA LEVINE LLC**

                    BY: _____
                              RAYMOND E. MACK, ESQUIRE
                              PA ID No.: 91815
                              E-Mail:  rmack@delucalevine.com
                              PATRICK A. HUGHES, ESQUIRE
                              PA ID No.: 91415
                              E-Mail:  phughes@delucalevine.com
                              301 East Germantown Pike, 3rd Floor
                              East Norriton, PA  19401
                              Telephone:  (215) 383-0081
                              Fax:  (215) 383-0082
                              COUNSEL FOR PLAINTIFF

Dated:  August 15, 2023

## VERIFICATION

I, Robin Anderson, under the penalty of perjury, hereby state that I am a duly authorized representative of Allstate Vehicle and Property Insurance Company, the real party in interest in this matter, that I have read the foregoing Complaint; that I do not have, and am informed that no single officer or agent of Allstate has personal knowledge of all matters set forth in the foregoing; that the foregoing was prepared by counsel from information provided by myself and certain employees from Allstate who were designated to assemble such material and are based on their personal knowledge or that of other persons who were consulted and on examination of records maintained by Allstate during the regular course of business; and that upon information and belief the foregoing is true and correct to the best of my knowledge after due inquiry. The undersigned understands that the statements therein are made subject to penalties of 18 Pa.C.S. § 4904 relating to unsworn falsification to authorities.

*Robin Anderson*
_____
Robin Anderson
An Authorized Representative of
Allstate Vehicle and Property Insurance
Company

Dated: ___8/2/2023___

Case ID: 230801523